

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| JAMES STROUSE | § | |
| VS. | § | CIVIL ACTION NO. 4:10cv425 |
| COLLIN COUNTY DETENTION CENTER, ET AL. | § | |

### REPORT AND RECOMMENDATION OF THE
### UNITED STATES MAGISTRATE JUDGE

Plaintiff James Strouse, an inmate last known to be confined at the Fannin County Jail, proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil rights lawsuit pursuant to 42 U.S.C. § 1983. The complaint was referred for findings of fact, conclusions of law and recommendations for the disposition of the case.

On September 26, 2011, the Court issued an Order re Collection and Payment of Full Filing Fee (docket entry #15) establishing the payment requirements for the balance of the $350.00 filing fee for Plaintiff's case, since he paid the initial partial filing fee. However, on October 11 and 14, the Order wars returned as undeliverable with the notation that Plaintiff was no longer at the Fannin County Jail. Plaintiff has not provided the Court with forwarding instructions or a change of address

The Prison Litigation Reform Act of 1996 (PLRA) requires prisoners seeking to bring civil actions to pay either the full filing fee or an initial partial filing fee and subsequently pay the remainder of the full filing fee. Prisoners may proceed on claims without prepayment of the full filing fee, but they will be responsible for paying it in time. The Plaintiff was ordered to pay his

1

remaining balance of the full fee, but he has failed to keep the Court informed of his location and has not responded to or contacted the Court in any way since he originally moved to the Fannin County Jail in April 2011.

A district court may dismiss an action for failure to prosecute or to comply with any order of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam); Fed. R. Civ. P. 41(b). The exercise of the power to dismiss a case for failure to prosecute or obey a court order is committed to the sound discretion of the Court and appellate review is confined solely in whether the Court's discretion was abused. *Green v. Forney Engineering Co.*, 589 F.2d 243, 248 (5th Cir. 1979); *Lopez v. Aransas County Independent School District*, 570 F.2d 541, 544 (5th Cir. 1978). Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also, *sua sponte*, dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases. *Anthony v. Marion County General Hospital*, 617 F.2d 1164, 1167 (5th Cir. 1980).

Dismissal with prejudice for failure to obey an order or failure to prosecute is an extreme sanction which should be employed only when the "plaintiff's conduct has threatened the integrity of the judicial process [in a way which] leav[es] the court no choice but to deny that plaintiff its benefit." *McNeal v. Papasan*, 842 F.2d 787, 790 (5th Cir. 1988) (citing *Rogers v. Kroger Co.,* 669 F.2d 317, 321 (5th Cir. 1982)). A court should consider lesser sanctions, such as fines, costs, damages, conditional dismissals and dismissals without prejudice, among other lesser measures, prior to dismissing a case with prejudice. *Id.* at 793. The explanation for employing a dismissal with prejudice should be stated on the record. *Id.*

In the present case, the Plaintiff has failed to keep the Court informed of his location and has not responded to the Court's Order in order to proceed on the case. His intentions and actions do not threaten the judicial process and a dismissal with prejudice is inappropriate. A fine would not be appropriate as a sanction since he is *in forma pauperis*. A dismissal without prejudice is the best option.

Recommendation

It is therefore recommended that the complaint be dismissed without prejudice for failure to prosecute and failure to obey an order. Fed. R. Civ. P. 41(b); Rule 41, Local Rules for the Eastern District of Texas.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

**SIGNED this 25th day of October, 2011.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE